UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CRAIG BRADLEY PATTERSON, )
)
    Plaintiff, )
)
v. ) Case No.: 2:15-CV-438-FtM-29MRM
)
DOW ENTERPRISES-NAPLES )
HIDDEN STORAGE, LLC and )
BRUCE G. WOOD, Trustee of the Bruce )
G. Wood Revocable Trust UTD 8/29/05 )
)
    Defendants. )
_____ )

### DEFENDANTS' DOW ENTERPRISES- HIDDEN STORAGE, LLC AND BRUCE G. WOOD'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Fed. R. Civ. P. 8, 12(b)(6), 12(e) and Middle District Local Rule 3.1, Defendants Dow Enterprises-Hidden Storage, LLC ("Hidden Storage") and Bruce G. Wood ("Mr. Wood")(collectively, the "Defendants") respectfully move to dismiss the Complaint filed by Plaintiff Craig Bradley Patterson ("Plaintiff") for failure to state claims upon which relief can be granted, or, in the alternative, the Defendants move for a more definite statement, and in support thereof state as follows:

### MEMORANDUM OF LAW

### I. BACKGROUND

On August 18, 2015, the Plaintiff, acting *pro se*, filed a six-count Complaint purporting to state causes of action against the Defendants for violating the Fair Labor Standards Act ("FLSA") and for FLSA retaliation (Counts I-III), as well as for the state law claims of breach of a verbal agreement (Count IV), quantum meruit (Count V), and unjust enrichment (Count VI). However, for the reasons stated below, Plaintiff's

allegations are insufficient to state a cause of action for violation of the FLSA, as well as for FLSA retaliation, due to the fact that it is clear upon the face of the Complaint that Plaintiff cannot establish that Hidden Storage was subject to enterprise coverage under the Act, or that he was subject to individual coverage during the time that he worked for Hidden Storage.  Additionally, Plaintiff's state law claims for breach of a verbal agreement, and for quantum meriut and unjust enrichment are subject to dismissal because they fail to state a claim upon which relief can be granted.

## II. MOTION TO DISMISS LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted.  In considering a motion to dismiss, the Court is required to view the complaint in the light most favorable to the Plaintiff. Murphy v. F.D.I.C., 208 F.3d 959, 962 (11th Cir. 2000).  In connection with its review of a complaint, the Court must accept all of the plaintiff's allegations as true and must draw all reasonable inferences in favor of the plaintiff.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

However, as Twombly holds, a complaint should be dismissed for failure to state a claim when the factual allegations in the complaint are not plausible on their face.  A plaintiff is obligated to provide the grounds for his entitlement to relief, and this obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964–65. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.  The facts

alleged in the complaint must cross "the line from conceivable to plausible . . ." Id. at 1974.[1]

More recently, the United States Supreme Court in Aschcroft v. Iqbal, 129 S. Ct. 1949-50 (2009), held that "the tenet that a court must accept as true all of the allegations in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." The Court further noted that "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for **more than a sheer possibility** that a defendant has acted unlawfully." (emphasis added). It added: "Where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – that the pleader is entitled to relief." See also, Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).

The Plaintiff's Complaint is also subject to dismissal on the grounds that it fails to satisfy the requirements of Fed. R. Civ. P. 8. This rule requires that each pleading "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require that a party provide detailed allegations of a claim, it demands that the Plaintiff provide "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." See Iqbal, *supra* at 678. Labels, legal conclusions, and recitations of the elements of a cause of action are not sufficient. Id. at 678-79. Mere naked assertions are also inadequate to state a claim. Id.

---

[1] The U.S. Supreme Court in Twombly stated that the long-standing standard in Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99 (1957) – that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which may entitle him to relief" – has "earned its retirement." 127 S. Ct. at 1968-69.

### III. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

#### A. Plaintiff's FLSA Claims (Counts I and II) Should Be Dismissed Because The Plaintiff Failed To Include Allegations Specific Enough To Establish That Hidden Storage Is A Covered Enterprise, Or That Plaintiff Is Individually Covered Under the Act.

Plaintiff's FLSA claim is subject to dismissal for failure to state a claim because he has failed to allege facts sufficient to support a claim that his employment at Hidden Storage is subject to the requirements of the FLSA, either individually or as an enterprise. In order to bring a claim arising under the FLSA, which is the Plaintiff's basis for federal jurisdiction in this case, he must establish some nexus between his employment and interstate commerce. This requirement may be satisfied in one of two ways: (1) through enterprise coverage of the employer; or (2) through individual coverage of the employee. See Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1265-66 (11th Cir. 2006).

In order to be considered to be an "enterprise" covered under the FLSA, the Plaintiff must allege facts that illustrate that Hidden Storage has employees engaged in:

> . . .[C]ommerce or in the production of goods for commerce, or . . . [has] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and . . . ***is an enterprise whose annual gross volume of sales made or business done is not less than $500,000***. . .

See 29 U.S.C. §203(s)(1)(A)(i)-(ii)(emphasis added); See also, Polycarpe v. E & S. Landscaping, Serv. Inc., 616 F.3d 1217, 1220 (11th Cir. 2010).

\638533\2 - # 274889 v1

The only paragraph in the Plaintiff's Complaint that addresses the issue of enterprise coverage is Paragraph 9. That Paragraph, in pertinent part, states as follows:

> . . . DENHS operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and DENHS obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to their employees. Upon information and belief, **the annual gross revenue of DENHS was at all times material hereto in excess of $360,000.00 per annum**, and/or Patterson was working in interstate commerce, . . . .

[Complt., ¶9, D.E. #1]. As the Plaintiff has clearly alleged that Hidden Storage fails to satisfy $500,000 gross revenue threshold to be considered a covered "enterprise" under the Act.

Additionally, although Plaintiff makes a number of conclusory allegations regarding Hidden Storage and its participation in interstate commerce, even assuming *arguendo*, that the threshold amount of gross revenue had been properly alleged, Plaintiff's claim for enterprise coverage would still be subject to dismissal. [Complt. ¶¶9, 10, D.E. #1]. The first two counts of the Complaint simply do not contain **any** allegations regarding the nature of Hidden Storage's business, the customers its serves, or the types of services that it provides. The Plaintiff's allegations, in this regard, amount to little more than the restatement of legal conclusions, and therefore the allegations fail to establish enterprise coverage under the FLSA sufficient to withstand dismissal. See Crossly v. Armstrong Homes, Inc., No. 5:14-cv-636-OC-30PRL, 2015

5

WL 2238347 at *3-4 (M. D. Fla. May 12, 2015) )(concluding that plaintiff's conclusory allegations with respect to enterprise coverage were insufficient to state a claim), citing Perez v. Muhab, Inc., No. 10-62441-Civ., 2011 WL 845818 at *2 (S.D. Fla., Mar. 7, 2011. See also, Pardue v. Specialty Eng. Consultants, Inc., No. 14-81143- CIV, 2015 WL 527707 (S.D. Fla. Feb. 10, 2015)(holding that allegations contained in "bare-bones complaint" were insufficient to allege coverage under the FLSA); Brown v. Luna Dev. Corp., No. 14-62611-CV-HURLEY/HOPKINS, 2015 WL 2231960 at *1 (S.D. Fla. May 12, 2015)(holding that allegations that company engaged in the "field of land development and construction" was insufficient to show nexus with interstate commerce).

Since Plaintiff cannot establish that Hidden Storage was a covered enterprise, then in order to establish that his employment was covered by the FLSA, he would have to be able to show that he was individually covered under the Act. An employee seeking to establish individual coverage must show: (1) that he was engaged in commerce; or (2) he was engaged in the production of goods for commerce. See 29 U.S.C. §207(a)(1); See also, Rushton v. Eye Consultants of Bonita Springs, No. 2:10-cv-357-FtM-29SPC, 2011 WL 2601245, at *1 (M.D. Fla. June 30, 2011). In this case, it is clear on the face of the Complaint that Plaintiff worked for a storage facility. The Complaint is completely void of any allegation that Plaintiff ever produced any goods that later traveled in the stream of commerce.

For that reason, the only way that Plaintiff could establish coverage is by alleging that he, himself, engaged in commerce. An employee, for the purposes of the FLSA, will be considered to have engaged in commerce if he has directly participated in:

6

\638533\2 - # 274889 v1

> [t]he actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails or travel.

Thorne, supra at 1264; citing 29 C.F.R. §776.23(d)(2). Again, it is clear on the face of the Complaint that Plaintiff did not work an entity in the transportation or communication industry. That means that, the only avenue remaining for the Plaintiff to establish that his employment was subject to the FLSA was to sufficiently allege that he regularly used the instrumentalities of interstate commerce in his work for Hidden Storage.

Before an employee may be individually covered under the Act, his employer must be directly participating in the actual movement of persons or things in interstate commerce. See Joseph v. Nichell's Caribbean Cuisine, Inc., 862 F.Supp.2d 1309, (S.D. Fla. 2012). It is not sufficient for the employee to simply allege that his work "affects" interstate commerce, or that it is indirectly related to it. Id.; citing McLeod v. Threlkeld, 319 U.S. 491, 497 (1943).

Here, the Complaint is likewise void of any specific allegations stating how Plaintiff directly participates in interstate commerce. Instead, Plaintiff states merely that he "by virtue of working in interstate commerce," or because his work "likewise affects interstate commerce" that he is covered under the FLSA. [Complt., ¶¶9, 10, D.E.#1]. Plaintiff fails to allege any facts that would explain how he would have individually engaged in interstate commerce as a storage facility representative.[2] [Complt., ¶22, D.E. #1]. Indeed, the Plaintiff has not included any specific allegations regarding his job

---

[2] Indeed, Plaintiff does not even allege the nature of his position at Hidden Storage in Counts I and II. That information is alleged for the first time in Count III. [Complt., ¶22, D.E. #1].

7

duties and responsibilities in the Complaint in Counts I, II or III.[3] For these reasons, it is also clear that the Plaintiff has failed to allege a factual basis of any individual coverage under the FLSA, and for that reason his claims in Count I and II are subject to dismissal.

    **B.**    **Plaintiff's FLSA Retaliation Claim Is Subject To Dismissal Due To Plaintiff's Failure To Sufficiently Allege That He Engaged In Statutorily Protected Activity.**

In Count III of his Complaint, Plaintiff seeks to bring a claim against the Defendants for FLSA retaliation. The FLSA protects employees from retaliation for asserted their statutory rights, and makes it unlawful for an employer to:

> . . . [D]ischarge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding . . . ."

29 U.S.C. §215(a)(3). See also, Wolf v. Coca-Cola Co., 200 F.3d 1337, 1342 (11th Cir. 2000). Before an employee may maintain a claim for retaliation under the FLSA, he must be able to show that: (1) he engaged in activity protected under the Act; (2) he subsequently suffered an adverse action by the employer; and (3) a causal connection existed between the employee's protected activity and the adverse employment action. Wolf, 200 F.3d at 1342-43. Plaintiff's claim for FLSA retaliation is subject to dismissal, because the Plaintiff has failed to adequately allege that he engaged in an activity that is protected by the Act.

In 2011, the United States Supreme Court, in the case of Kasten v. Saint-Gobain Performance Plastics Corp., 563 U.S. 1, 131 S.Ct. 1325 (2011), considered whether, in

---

[3] In Count IV of the Complaint, which purports to state a claim for breach of a verbal agreement, the Plaintiff provides some detail about his job duties and responsibilities. [Complt., ¶32, D.E. #1]. Even if these allegations were included or incorporated into Counts I, II and III, they would not be sufficient to establish that Plaintiff had an individual nexus with interstate commerce.

\638533\2 - # 274889 v1

order to be considered protected activity under the FLSA, a complaint needed to be in writing, or whether it could be oral. Ultimately, the Court determined that oral complaints could be sufficient to entitle employees to protection from retaliation, but in so doing the Court was mindful of the fact that the employer likewise had to have "fair notice" that an actual complaint had been made. Id. at 1334. Looking at the clear an unambiguous words of the statute, the Court recognized that the use of the word "filing" of a complaint suggested a "serious occasion, rather than a triviality," and that to file a complaint "contemplates some degree of formality, . . . " Id. Therefore, the Court held that, in order to fall within the scope of the FLSA's anti-retaliation provision, a complaint "must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." Id.

In this case, the Plaintiff alleges he "complained about not getting paid his rightfully earned wages." [Complt., ¶24, D.E. #1]. There are no other allegations included in the Complaint regarding to whom he complained, on what occasion, or any other specifics regarding the nature of his complaint. In addition to being conclusory, the allegation is also insufficient to overcome a Motion to Dismiss, as it clearly fails to meet the standard that the Complaint was sufficiently clear and detailed to place Hidden Storage on notice that the Plaintiff was seeking to make a complaint arising under the FLSA, See Miller v. Roche Surety and Casualty Co., Inc., 502 Fed.Appx. 891, 893 (11th Cir. Dec. 26, 2012)(finding that the context and content of e-mail was insufficient to place employer on notice of complaint); Barquin v. Monty's Sunset, LLC, 975 F.Supp.2d 1309 (S.D. Fla. 2013)(holding that employee complaints regarding tip outs and the

employer's method of compensation were not protected activities, as they did not indicate that the employee intended to seek formal address and they did not complain about minimum wage or overtime violations); In re Estate of Washington v. Carter's Retail, Inc., No. 3:10-cv-1136-J32PDB, 2014 WL 6473673 at *8 M.D. Fla. Nov. 18, 2014)(holding that employee did not engage in protected activity where the record failed to show that employee never made "anything close to a serious complaint."). For this reason, Plaintiff's FLSA retaliation claim is subject to dismissal.

### C. The Court Should Decline To Exercise Its Pendant Jurisdiction Over Plaintiff's State Workers' Compensation Retaliation Claim If It Opts To Dismiss His FLSA Claim.

In the event that this Court dismisses Plaintiff's FLSA and retaliation claims, then the Defendants urge the Court to decline to exercise its pendent jurisdiction over the Plaintiff's state law claims. The Plaintiff has alleged that this Court has jurisdiction to hear his state claims pursuant to 28 U.S.C. § 1367. [Complt., ¶1, D.E. #1]. While the decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court, the Eleventh Circuit, following the lead of the Supreme Court, has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004), citing Mergens v. Dreyfoos, 166 F.3d 1114, 1119 (11th Cir.1999)) See also, United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); Ingram v. Sch. Bd. of Miami-Dade Cty., 167 Fed. Appx. 107, 108 (11th Cir. 2006)("Where, as here, a court has dismissed all federal claims from a case, there is a

very strong argument for dismissal, especially where the federal claims are dismissed prior to trial."). As a result of the foregoing, in the event that this Court dismisses Plaintiff's federal FLSA claim, then Plaintiff's state law causes of action in Counts IV, V and VI of the Complaint should likewise be dismissed.

### D.   Defendants' Motion for More Definite Statement

In the alternative, Defendants also move for a more definite statement pursuant to Federal Rule 12(e). A motion for a more definite statement will be granted if "the pleading is so vague or ambiguous that the opposing party cannot respond in good faith or without prejudice to itself." See Hobbs v. BH Cars, Inc., No. 04 60327-CIV, 2004 WL 1242838 (S.D. Fla. June 4, 2004). Based on the above, the Court should either dismiss Plaintiff's Complaint or compel the Plaintiff to provide a more definite statement of the facts supporting the actions or conduct alleged of the Defendants to allow them to ascertain the nature of Plaintiff's claims.

### IV.   CONCLUSION

WHEREFORE, the Defendants, Dow Enterprises-Hidden Storage, LLC ("Hidden Storage") and Bruce G. Wood, respectfully request that this Court grant their Motion to Dismiss Plaintiff Craig Bradley Patterson's Complaint in its entirety, on its merits and with prejudice, and that they be awarded their costs, expenses and such other relief as is deemed appropriate by the Court.

\638533\2 - # 274889 v1

Respectfully submitted,

s/ Amy L. Garrard
Amy L. Garrard, Esq.
Florida Bar No. 0908711
E-Mail: amy.garrard@gray-robinson.com
GRAYROBINSON, P.A.
Pelican Bay Financial Center
8889 Pelican Bay Blvd., Suite 400
Naples, FL 34108
Telephone: (239) 598-3601
Facsimile: (239) 598-3164

Co-Counsel for Defendants
DOW ENTERPRISES –HIDDEN STORAGE, LLC, and
BRUCE G. WOOD, Trustee of the Bruce G. Wood
Revocable Trust UTD 8/029/05

s/ Joseph Brown
Joseph Brown, Esq.
Florida Bar No. 48699
E-Mail: jbrown@blountlaw.com
BLOUNT LAW, PL
801 Laurel Oak Drive, Suite 705
Naples, FL 34108
Telephone: (239) 592-4815

Co-Counsel for Defendants
DOW ENTERPRISES –HIDDEN STORAGE, LLC, and
BRUCE G. WOOD, Trustee of the Bruce G. Wood
Revocable Trust UTD 8/029/05

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U. S. Mail, postage prepaid to Plaintiff, Craig Bradley Patterson, at 76 4th Street #15-102, Bonita Springs, FL 34134 on this 15th day of September, 2015.

By: s/ Amy L. Garrard
Amy L. Garrard, Esq.