```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

CRAIG BRADLEY PATTERSON,

     Plaintiff,

v.                                  Case No: 2:15-cv-438-FtM-29MRM

DOW ENTERPRISES-NAPLES HIDDEN STORAGE, LLC. and BRUCE G. WOOD, Trustee of the Bruce G. Wood, Revocable Trust UTD 8/29/05,

     Defendants.

---

**OPINION AND ORDER**

This matter comes before the Court on review of defendants' Motion to Dismiss (Doc. #14) filed on September 18, 2015. Plaintiff has not filed a response and the time to do so has expired. For the reasons stated herein, defendants' Motion to Dismiss is granted.

**I.**

Plaintiff Craig Patterson ("Plaintiff" or "Patterson") filed a Complaint (Doc. #1) against Defendants Dow Enterprises—Naples Hidden Storage, LLC ("DENHS") and Bruce G. Wood as trustee of the Bruce G. Wood Revocable Trust UTD 8/29/2005 ("Wood") for (1) violation of the Fair Labor Standards Act ("FLSA"), (2) retaliation under the FLSA, (3) breach of verbal agreement, (4) quantum meruit, and (5) unjust enrichment. (Id.) Patterson alleges that he was an

employee of defendants from June 2014 to April 2015. (Id. ¶ 22.) Pursuant to an oral agreement, defendants were to pay plaintiff $15.67 an hour. (Id. ¶ 33.) Plaintiff alleges that from June 1, 2015 through April 14, 2015, defendants failed to pay plaintiff $40,191.30 in unpaid wages. (Id. ¶ 12.) Although not explicitly stated, it appears that defendants operate a storage facility.

Defendants now move to dismiss the Complaint, arguing that (1) plaintiff has not adequately alleged enterprise or individual coverage under the FLSA, (2) plaintiff has failed to allege that he engaged in statutorily protected activity, and (3) the Court should dismiss plaintiff's state law claims following the dismissal of the FLSA claims. (Doc. #14.) Defendants also move for a more definite statement pursuant to Rule 12(e). (Id. at 11.)

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime

2

Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

**A. FLSA**

"[T]he requirements to state a claim of a FLSA violation are quite straightforward." Sec'y of Labor v. Labbe, 319 F. App'x 761,

3

763 (11th Cir. 2008). To state a claim under the FLSA for unpaid wages, an employee must allege (1) an employment relationship; (2) that the employer or employee engaged in interstate commerce; and (3) that the employer failed to pay overtime compensation and/or minimum wages. See Morgan v. Family Dollar Stores, 551 F.3d 1233, 1277 n. 68 (11th Cir. 2008). Under the second requirement, a plaintiff must demonstrate that either the "enterprise" or the "individual" engaged in interstate commerce. 29 U.S.C. §§ 206(a), 207(a)(1); see also Martinez v. Palace, 414 F. App'x 243, 245 (11th Cir. 2011); Thorne v. All Restoration Serv., Inc., 448 F.3d 1264, 1265–66 (11th Cir. 2006).

**(1) Enterprise Coverage**

Under the FLSA, an enterprise is engaged in commerce if it: (1) "has employees engaged in commerce or in the production of goods for commerce, or [ ] has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and (2) has gross sales or business of at least $500,000, exclusive of excise taxes at the retail level that are separately stated. 29 U.S.C. § 203(s)(1)(A).

Plaintiff alleges that "the annual gross revenue of DENHS was at all times material hereto in excess of $360,000.00 per annum." (Id. ¶ 9.) As part of establishing enterprise liability, however, plaintiff must allege that defendants are "an enterprise whose annual gross volume of sales made or business done is not less

4

than $500,000." 29 U.S.C. 203(s)(1)(A)(ii).  Plaintiff has failed to allege the gross revenue threshold for enterprise liability.

Additionally, the Complaint only generally alleges that defendants were "engaged in interstate commerce" and that DENHS

> operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across states lines of other states, and DENHS obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to their employees.

(Id. ¶ 9.)  Plaintiff's Complaint contains additional general allegations that "DENHS is and was . . . an enterprise engaged in commerce or the in the production of goods for commerce" and "DENHS's business activities involve those to which the Fair Labor Standards Act applies." (Id. ¶ 10.)  The only factual allegation that the Court can find regarding the type of business defendants engage in is that defendants "sell[] locks, boxes, and store[] items to be transported interstate"—which is buried in paragraph 10 of plaintiff's Complaint. (Id.)

Plaintiff has not alleged any facts regarding the nature of defendants' business, its customers, or the types of services that it provides.  The Court can guess, drawing inferences based upon allegations and the name of a defendant, that defendants may operate a storage facility, but nowhere in the Complaint does

5

plaintiff state facts indicating the type of business defendants engage in or how it relates to interstate commerce.

Accordingly, plaintiff has failed to establish enterprise coverage under the FLSA.

**(2) Individual Coverage**

To establish individual coverage, an employee must be either "(1) engaged in commerce or (2) engaged in the production of goods for commerce." Thorne, 448 F.3d at 1266. To be "engaged in commerce" within the meaning of the FLSA, the employee

> must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel.

Id.; see also 29 C.F.R. §§ 776.9–776.12.

Plaintiff alleges that "Patterson and those similarly situated was and/or is engaged in interstate commerce for DENHS" and "Patterson's work for DENHS likewise affects interstate commerce." (Doc. #1, ¶ 10.) Plaintiff's complaint, however, is devoid of any facts regarding plaintiff's employment duties or role with defendants or how his employment related to interstate commerce.[1]  Plaintiff's allegations attempting to establish

---

[1] Plaintiff does discuss some of his employment duties within the other counts of the Complaint, but those allegations are not part of his FLSA allegations and therefore not considered when

6

individual coverage amount to nothing more than threadbare recitals proscribed by the Supreme Court in Iqbal.

The Court finds that plaintiff has failed to establish individual coverage under the FLSA. Accordingly, plaintiff's FLSA claims are dismissed without prejudice.

**B. State Claims**

Due to the Court's finding that plaintiff has failed to state a claim under the FLSA, the basis for original federal jurisdiction, the Court declines to address the arguments presented regarding plaintiff's state law claims at this time.

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Dismiss (Doc. #14) is **GRANTED** and the Complaint is **dismissed without prejudice**. Plaintiff shall file an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of December, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

---

analyzing the sufficiency of the FLSA claims. (See, e.g., Doc. #1, ¶ 32.)

Copies:
Plaintiff
Counsel of record

8